IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JENNIFER M. JACKSON,            )
                                )
            Plaintiff,          )      4:12CV3041
                                )
      v.                        )
                                )
MICHAEL J. ASTRUE,              )      MEMORANDUM OPINION
Commissioner of the Social      )
Security Administration,        )
                                )
            Defendant.          )
_____)
```

This matter is before the Court on complaint of plaintiff Jennifer Jackson ("Jackson") for review of defendant's denial of social security disability benefits. The Court finds the Commissioner's decision should be affirmed.

I. Factual Background

Plaintiff alleges disability starting July 25, 2009, due to pain associated with scoliosis. Prior to that date, plaintiff worked full time as a cashier, bank teller, and customer service representative. She reported that she left the workforce in 2009 in part because of her disability and in part to attend college. She is divorced with two dependent children, ages five and seven. She takes care of her children, but her mother and neighbor help her with more demanding household activities like sweeping, mopping, and carrying clothes baskets downstairs to the laundry facilities.

In June of 2009, plaintiff saw Dr. Wendy Gosnell for pain in her back and shoulder. She was diagnosed with scoliosis and prescribed hydrocodone and a muscle relaxant. She began physical therapy but was discharged for failing to show up for scheduled appointments. Plaintiff reported to Dr. Gosnell that physical therapy did not alleviate her back pain. In July of 2009, per plaintiff's request, Dr. Gosnell wrote a note to plaintiff's employer indicating that plaintiff should not lift more than ten pounds, perform repetitive arm movements, bend, or stoop.

Plaintiff's medical records indicate that from August of 2009 to July of 2010 she frequently requested additional prescription narcotics from Dr. Gosnell and other doctors before her prior prescription was due to run out. This precipitated a notation in her file regarding possible drug seeking behavior and a policy among plaintiff's doctors of funneling all narcotic pain management through Dr. Gosnell to ensure that plaintiff did not receive overlapping prescriptions. In addition to prescription medication, plaintiff received trigger-point injections that provided only temporary relief. Throughout this period, physical examinations by her doctors resulted in relatively normal results in terms of strength and range of motion. Plaintiff frequently met with her physicians regarding her pain including two

incidents in which she indicated worse pain because she was moving boxes and camping.

In March of 2010, plaintiff saw Dr. Jonathan Fuller, a surgeon recommended by Dr. Gosnell, who advised spinal reconstruction surgery to correct the curves in plaintiff's spine.  Plaintiff was advised to schedule surgery once she quit smoking.  As of the October 2011 hearing, plaintiff reported that she continued to smoke and had not pursued surgery because she could not find anyone to care for her children while she recovered.

In June of 2010, Dr. Gerald Spethman, a physician with the state Disability Determination Services completed a physical assessment based on plaintiff's medical records.  Though Dr. Spethman concluded that plaintiff's scoliosis would prevent plaintiff from performing strenuous activities like lifting heavy boxes, he determined that plaintiff could lift up to ten pounds, could sit for up to six hours and stand and walk for up to two hours in an eight-hour work day, and could occasionally stoop, crouch, kneel, and crawl.  Dr. Glen Knosp, also with Disability Determination Services, affirmed Dr. Spethman's assessment.

At the October 2011 hearing, the ALJ posed a hypothetical to a vocational expert regarding a claimant who could lift ten pounds, walk or stand for up to two hours and sit for up to six hours in an eight-hour work day, and occasionally

stoop, crouch, kneel, and crawl.  The expert concluded that such a claimant could perform sedentary jobs including account clerk (170 jobs in Nebraska), document preparer (160 jobs in Nebraska), and optical-goods assembler (200 jobs in Nebraska).

The ALJ found that plaintiff's scoliosis was a legitimate impairment and that she could not resume her previous employment.  However, the ALJ found that plaintiff's objective testimony regarding the intensity, persistence, and limiting effects of her symptoms was not credible.  The ALJ found that the plaintiff continued to refuse surgery without good reason, that her impairment did not meet the criteria of any listed impairments in the regulations, and that her residual functional capacity allowed her to perform work for which there was a significant number of jobs in the economy.

## II. Standard of Review

When reviewing an ALJ's decision, the Court "must determine 'whether the ALJ's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 920 (8th Cir. 2011) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)).  Substantial evidence "is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (quoting *Moore v. Astrue*, 572 F.3d 520,

522 (8th Cir. 2009)).  However, the Court may not reverse the Commissioner's decision "simply because some evidence may support the opposite conclusion."  *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (quoting *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)).

### III. Discussion

Jackson's argument that the ALJ's findings were not supported by substantial evidence rests on two assignments of error: (1) the ALJ did not adequately support his determination of plaintiff's credibility; and (2) the ALJ improperly determined the plaintiff's residual functional capacity ("RFC") and erroneously concluded that there were sufficient jobs in the economy at plaintiff's RFC.

### A. Findings of Non-Disability

By itself, a decision to forgo a prescribed course of treatment without good reason justifies a finding of non-disability.  20 C.F.R. § 416.930(b).  The regulations list five situations that would constitute "good reason": (1) treatment is against applicant's religious beliefs, (2) treatment is for a cataract in one eye when applicant has an impairment in the other eye, (3) a similar previous surgery on the applicant was unsuccessful, (4) treatment is very risky for the applicant, or (5) treatment involves amputation of applicant's extremity.  20 C.F.R. § 416.930(c).  In addition, courts have found good reason

-5-

where the applicant's finances do not allow treatment.  *See, e.g.*, *Brown v. Sullivan*, 902 F.2d 1292, 1295 (8th Cir. 1990) (citing *Tome v. Schweier*, 724 F.2d 711, 714 (8th Cir. 1984)).  Courts have also considered whether failing to follow a doctor's orders to lose weight should be addressed differently.  *See, e.g.*, *Stone v. Harris*, 657 F.2d 210, 212 (8th Cir. 1981).

  Plaintiff has not asserted any of these circumstances.  Plaintiff asserts only that she would have no one to help watch her children while she recovers but offers no explanation as to why she cannot get assistance from her current support system or those who cared for her children while she worked and attended school.  The ALJ's finding of non-disability on this basis was supported by the evidence and sufficient to determine the outcome of the case.

  The ALJ's finding that plaintiff's impairment did not meet or equal any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 is also determinative and supported by substantial evidence.  Thus, the Court will only briefly address the plaintiff's asserted errors.

### B. Credibility Determination

  Plaintiff takes issue with the ALJ's reference to plaintiff's activities of daily living in determining her credibility.  Activities of daily living are an acceptable consideration for purposes of determining plaintiff's credibility

as to intensity, persistence, and limiting effects of plaintiff's symptoms. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004). Still, an ALJ's credibility findings must be supported by substantial evidence. *Robinson v. Sullivan*, 956 F.2d 836, 839 (8th Cir. 1992). If the ALJ gives "good reasons" for not crediting the claimant that are supported by the record, the Court will defer to the ALJ's judgment. *Id.* at 841.

In the present case, the ALJ cited many reasons for his credibility determination, including plaintiff's continued requests for overlapping prescriptions for narcotics from multiple doctors, her failure to comply with a course of medical treatment that doctors believed would relieve her symptoms, the absence of any evidence that plaintiff's condition had worsened since her prior employment and attendance at school, and functional examinations that yielded relatively normal objective findings. The ALJ's express finding that the plaintiff's assertions regarding intensity, persistence, and limiting effects of her symptoms is supported by substantial evidence.

C. Determination of Residual Functional Capacity

First, plaintiff vaguely asserts that Residual Functional Capacity is a "medical question." The Court reads this as a narrow application of the more broad requirement that the ALJ's determination of plaintiff's RFC must be supported by

-7-

substantial evidence.  Here the medical records provided by plaintiff's own doctors largely indicate normal range of motion and physical ability.  The plaintiff herself indicated that she is capable of lifting ten pounds with one hand and fifteen pounds with both hands.  The ALJ also cited the RFC opinions of non-examining doctors who reviewed the plaintiff's medical records.  The ALJ's determination that plaintiff could perform sedentary work involving lifting up to ten pounds and sitting for most of the day is supported by substantial evidence.  *See Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir. 2006) (finding the ALJ's RFC determination sufficiently supported by the evidence despite the lack of a reliable RFC opinion from an examining physician).

Next, plaintiff asserts that the hypothetical posed to the vocational expert lacked sufficient detail regarding the plaintiff's limitations.  In fact, the hypothetical was much more detailed than the purported language in plaintiff's brief.  It included the creditable limitations the ALJ found were supported by the record.

Plaintiff's assertions that the evidence did not support the ALJ's finding that there were a significant number of jobs in the economy fails by its own standard.  Plaintiff cites to the Eighth Circuit's standard that 500 jobs within the region is a "sufficient number."  Plaintiff seems to have simply miss-added.  The total number of jobs attested to by the vocational

-8-

expert and cited in the plaintiff's brief is 530 jobs (not 345 as asserted in plaintiff's brief).

## IV. Conclusion

Substantial evidence in the record as a whole supports the ALJ's findings. The Commissioner's denial of plaintiff's benefits claim will be affirmed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court